UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DAVID LEE REAMES** | **CIVIL ACTION NO. 18-1646** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LA DEPT. OF PUBLIC SAFETY & CORRECTIONS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff David Lee Reames, a prisoner at Ouachita Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on December 17, 2018, under 42 U.S.C. § 1983. He names Judge Benjamin Jones and the Louisiana Department of Public Safety and Corrections ("DPSC") as defendants.[1] For the following reasons, Plaintiff's claims should be dismissed.

**Background**

Plaintiff alleges that, on September 12, 2012, Defendant, Judge Benjamin Jones, sentenced him to three concurrent sentences. [doc. # 1, p. 3]. However, Plaintiff claims that the DPSC confined him under three *consecutive* sentences. *Id.* Plaintiff faults Judge Jones for denying his motions to correct the alleged error. *Id.* Plaintiff wants Defendants to "pay [him] for all this illegal time [he has served] in prison." *Id.* at 4.

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by

the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Louisiana Department of Public Safety and Corrections**

Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Likewise, the DPSC is not a "person" under Section 1983. *Washington v. Louisiana*, 425 F. App'x 330, 333 (5th Cir. 2011) ("The State and DPSC are not persons . . . ."); see *Carrere v. May*, 2016 WL 6684796, at *2 (W.D. La. Sept. 9, 2016), report and recommendation adopted, 2016 WL 6684247 (W.D. La. Nov. 14, 2016) ("[T]he Louisiana Department of Corrections, a state agency, is not a 'person' within the meaning of 42 U.S.C. § 1983."). Here, accordingly, Plaintiff's claims against the DPSC should be dismissed.

**3. Judicial Immunity**

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction." *Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial

actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

Here, Judge Jones' alleged act of denying Plaintiff's motions to correct the DPSC's error was, manifestly, a judicial function. See *Clark v. Lindsay*, 68 F.3d 465 (5th Cir. 1995) (finding a judge immune from a claim that the judge denied the plaintiff's motion for appointment of counsel); *Bailey v. Johnston*, 2012 WL 5207589, at *5 (W.D. La. Oct. 1, 2012), report and recommendation adopted, 2012 WL 5199409 (W.D. La. Oct. 22, 2012) (finding that denying a motion was "clearly" an act that arose out of judges' normal judicial functions).[3]

Considering the aforementioned factors, ruling on motions is undoubtedly a "normal" judicial function. Moreover, Plaintiff does not allege that Judge Jones acted outside of the

---

[3] See also *Diaz v. Tocci*, 2016 WL 3365494, at *6 (W.D. Tex. June 16, 2016) ("[T]he fact plaintiff disagrees with the rulings made by his state trial court judges does not, standing alone, establish those rulings were taken in a complete absence of all jurisdiction or that those judges were acting outside the scope of their official judicial duties when they made the rulings adverse to plaintiff.").

courtroom or chambers. Likewise, Plaintiff's claim clearly "centers around" a prior proceeding before Judge Jones, and nothing indicates that the alleged acts arose outside of a visit to Judge Jones in his official capacity.[4]

Of import, to challenge the computation of a sentence in Louisiana, an inmate must first exhaust administrative remedies through the DPSC's two-step administrative grievance process. LA. REV. STAT. 15:1176; LA. ADMIN. CODE tit. 22, Pt. I, § 325.[5] If the inmate is unsuccessful, he may seek judicial review only before the 19th Judicial District Court, East Baton Rouge Parish. See LA. REV. STAT. 15:1177(A); LA. REV. STAT. 15:571.15.[6] Statutory and regulatory law, in other words, required Judge Jones to forgo ordering the DPSC to correct the alleged error. Judge Jones' adherence to this law constitutes a clear judicial decision.

Finally, Plaintiff does not allege that Judge Jones acted in the absence of all jurisdiction. See LA. CONST. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters."). Nor was Judge Jones jurisdictionally required to act: to reiterate, Plaintiff could only pursue relief before the 19th Judicial District Court, East Baton Rouge Parish.

---

[4] See *Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors).

[5] LA. ADMIN. CODE tit. 22, Pt. I, § 325(D)(2) provides in part: "Corrections Services has established the administrative remedy procedure through which an offender may seek formal review of a complaint which relates to any aspect of his incarceration if less formal methods have not resolved the matter. Such complaints and grievances include . . . time computations . . . ."

[6] LA. REV. STAT. 15:1177(A) provides in part, "Any offender who is aggrieved by an adverse decision . . . by the Department of Public Safety and Corrections . . . may, within thirty days after receipt of the decision, seek judicial review of the decision only in the Nineteenth Judicial District Court . . . ." LA. REV. STAT. 15:571.15 provides in part, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge."

Further, because Judge Jones forwent issuing an order to the DPSC, he did not *act* in the absence of all jurisdiction.

Accordingly, Judge Jones is entitled to absolute judicial immunity, and the claims against him should be dismissed.[7]

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff David Lee Reames' claims be **DISMISSED WITH PREJUDICE** as frivolous, for failure to state claims on which relief can be granted, and for seeking monetary relief against a defendant immune from such relief.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Appointment of Counsel, [doc. # 3], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

---

[7] Plaintiff alleges that Judge Jones if a "former" judge. [doc. # 1, p. 1]. That Defendant Jones no longer presides does not nullify his immunity to Plaintiff's claims. *Guccione v. Par. of Jefferson*, 382 F. App'x 357, 359 (5th Cir. 2010) (finding former judges absolutely immune from the plaintiff's claims); *Merritt v. Wooten*, 544 F. App'x 291 (5th Cir. 2013).

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 31st day of January, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE